944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PORT OF WHITMAN COUNTY, WASHINGTON, Petitioner,
v.
INTERSTATE COMMERCE COMMISSION, Respondent.
The WASHINGTON UTILITIES AND TRANSPORTATION COMMISSION, Petitioner,
v.
INTERSTATE COMMERCE COMMISSION, Respondent.
 Nos. 90-70694, 91-70015.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1991.
Decided Sept. 18, 1991.
 
 Before EUGENE A. WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In January 1990, Union Pacific Railroad filed an abandonment application with the ICC. Several organizations opposed the application. After a three-day hearing, an administrative law judge (ALJ) approved the railroad's application. The ICC affirmed unanimously. Petitioners appeal.
 
 
 3
 This court's review of an abandonment decision is "very narrow." Idaho v. ICC, Nos. 90-70178/70281, slip op. 11545, 11555 (9th Cir. Aug. 22, 1991). We do not reweigh the evidence underlying the Commission's decision. Southern Pacific Transp. Co. v. ICC, 871 F.2d 838, 841 (9th Cir.1989). We will reverse only if we find that the Commission's decision was arbitrary or capricious, an abuse of discretion, contrary to law or unsupported by substantial evidence. Id.
 
 
 4
 * In reviewing an ALJ decision, the Commission must exercise independent judgment. Containerfreight Transp. Co. v. ICC, 651 F.2d 668, 670 (9th Cir.1981); 5 U.S.C. § 557(b) (1988). Here, the Commission engaged in proper de novo review. Its opinion discusses comprehensively the arguments of both petitioners and the railroad. It sets forth clearly articulated reasons for accepting or rejecting each. A certain amount of reliance on the ALJ's highly detailed, 47-page opinion was inevitable. The Commission's opinion, however, goes beyond mere reiteration of the ALJ's findings and conclusions; it reflects an independent investigation of the administrative record.
 
 II
 
 5
 In January 1989, the Commission announced its intention to replace Rail Form A (RFA) with a new cost methodology, the Uniform Railroad Costing System (URCS). In October, 1989, the Commission formally adopted the new system, with a scheduled implementation date of April 1, 1990. The Commission allowed parties in abandonment cases to introduce date calculated using either RFA or URCS between April 1, 1990 and July 1, 1990.
 
 
 6
 The railroad's application, filed in January, 1990, relied on RFA costs. Petitioners filed an alternate set of cost figures on May 1, 1990, calculated under URCS. The Commission affirmed the ALJ's use of the RFA data. The Commission based its affirmance, at least in part, on a finding that the petitioners' data were not properly calculated. Its conclusion had a reasoned foundation and was within the scope of its expert judgment. This court will not second-guess an agency's judgment in matters uniquely within the sphere of its expertise. See Idaho v. ICC, No. 90-70178/70281, slip op. 11545, 11555 (9th Cir. Aug. 22, 1991).
 
 
 7
 We also find that the Commission's refusal to make productivity adjustments was proper. Petitioners concede that the regulations do not require the Commission to make such adjustments. The government has not developed an acceptable methodology for measuring productivity gains in individual abandonment cases.
 
 
 8
 The Commission accepted the ALJ's finding that cost figures should include an allowance for two locomotives per train. The Commission based its decision on a thorough examination of the record. Petitioners have failed to cite any record evidence that undermines the facial reasonableness of the Commission's decision to accept the two-locomotive assumption. We find that the Commission's decision had a reasoned foundation and falls within the sphere of its expert judgment.
 
 III
 
 9
 In determining whether an abandonment is warranted, the Commission must weigh the potential harm to shippers and affected communities against the burden of continued operation of the railroad. Colorado v. United States, 271 U.S. 153, 168 (1926). The availability of alternative transportation is crucial. Georgia Pub. Serv. Comm'n v. United States, 704 F.2d 538, 543 (11th Cir.1983). Substantial evidence must support both the logistic and economic feasibility of such transportation. Id. at 545-46.
 
 
 10
 In finding that abandonment was warranted, the ALJ gave a thorough account of petitioners' evidence and arguments regarding the feasibility and economics of alternative transportation. The Commission undertook a detailed review of the ALJ's findings, making note of the ample evidence supporting the availability of alternative transportation. Petitioners ask the court to reweigh the evidence, a task this court will not perform. Idaho v. ICC, No. 90-70178/70281, slip op. 11545, 11556 (9th Cir. Aug. 22, 1991).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3